UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUAL DHAKER, | ) | CASE NO. 1:24-CV-742 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) | |
| CTS, GCRTA, GCRTA POLICE, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Emmanual Dhaker has filed a civil complaint in this matter against "CTS, GCRTA, GCRTA Police," "GCRTA Amalgamated Transit Union," "A.T.U.," and the Maple Heights Police Department. (ECF No. 1, PageID #2). His complaint does not set forth cogent factual allegations or legal claims. In the form complaint he submitted, he states that the basis for federal subject-matter jurisdiction in the case is that "[t]he Defendant stole an International Transit Transient, Transportation Depot and Routes." (*Id*. at PageID #3). In the Statement of Claim section, he states:

> They held a bazooka to my head and threatened [to] pull the trigger when I was legally and lawfully quietly waiting on the Rapid Transit. With the permission of the RTA booth attendant.

(*Id.* at PageID #4).

In the relief section, he states to "[b]ring to Justice the Murders described in the (my) brief." (*Id*.). The "brief" is also rambling, unclear, and does not set forth any cogent specific factual allegations and legal claims. (*Id*. at PageID #13–20). In the heading of the brief he asserts, among other things: "Murder;" "Murder with Intent to Steal International Depot Stations and Routes;"

1

"Intimidation and Attempted Murder to Keep Stolen International Depot Station and Stolen Routes;" "Thief of Military Installation;" "Identity Theft;" "Theft of Dr. Clifton R. Sweeney, M.D., Arch's Founder of Greater Cleveland Regional Authority, Retirement Account;" "Theft of Greater Cleveland Regional Authority Founder's Families Lifetime Transit Permit;" "Theft of Real Estate Grand Theft Auto;" "Theft of Special Forces Military Jeep;" and "Removal of United States and International Mandated Regulation Bathrooms." (*Id*. at PageID #13–15).

In the body of the brief, he states, "[t]hey shot my father, who purchased CTSA then started GCRTA, they stole my father's retirement account and they stole his and his family's lifetime transit permits to ride free." (ECF No. 1, PageID #17). He contends, "[t]he thieves included females, two Joe Bidens (or runes of him)." (*Id*.). Plaintiff also makes unclear claims regarding events which allegedly occurred at the Shaker Heights library; he states he became unconscious and was told that "Joe Biden had poured a quart of lithium down his throat." (*Id*. at PageID #18). Plaintiff also alleges he had an encounter with Regional Transit Authority Police where they surrounded him and held a gun to his head. (*Id*. at PageID #19).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**. For the following reasons, Plaintiff's complaint is **DISMISSED**.

## II. STANDARD OF REVIEW AND DISCUSSION

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In addition, although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon review, the Court finds that Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Even liberally construed, the unclear statements and assertions set forth in Plaintiff's complaint fail to meet basic pleading requirements or suggest any plausible federal civil claim or cause of action upon which he may be granted relief against any Defendant. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. In other words, dismissal for frivolousness is appropriate where the alleged "claims describ[e] fantastic or delusional scenarios." *Id*. at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the

3

wholly incredible"); *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (Finding a *pro se* complaint is properly dismissed as frivolous "if it is based on legal theories that are indisputably meritless" or "describes fantastic or delusional scenarios"). The Court finds that, to the extent they can be deciphered, Plaintiff's pleadings fall within the realm of frivolousness.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* in this matter (ECF No. 2) is **GRANTED**, and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 15, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**